## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)   BRENT GRIMMETT and,<br>(2)   MICKIE GRIMMETT,<br><br>             Plaintiffs,<br><br>v.<br><br>(1)   ALLSTATE INSURANCE COMPANY,<br><br>             Defendant. | Case No. CIV-15-1031-M<br><br>Removed From<br>District Court of Garvin County<br>Case No. CJ-2015-61 |

### NOTICE OF REMOVAL

Defendant, Allstate Insurance Company ("Allstate"), submits its Notice of Removal of the above-styled cause to the United States District Court for the Western District of Oklahoma.  This action is now pending in the District Court of Garvin County, Oklahoma, as above-captioned, and docketed as number CJ-2015-61.  Copies of all of the pleadings and process filed in this action to-date are attached as Exhibit 1.  A copy of the Docket Sheet from the State court action is also attached as Exhibit 2.

### ARGUMENT AND AUTHORITIES

Removal from state court is proper as subject matter jurisdiction exists under the diversity statute, 28 U.S.C. § 1332.  The parties are of diverse citizenship.  Plaintiffs are citizens of the State of Oklahoma.  Defendant is an Illinois corporation with its principal place of business in Illinois.

Additionally, the requisite amount in controversy, exclusive of interests and costs, is in excess of $75,000.  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the

notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (*rev'd on other grounds*). According to the Tenth Circuit Court of Appeals, the removing party only has to demonstrate by a preponderance of the evidence "jurisdictional facts that made it **possible** that $75,000 was in play….It is only the jurisdictional facts that must be proven by a preponderance—not the legal conclusion that the statutory threshold amount is in controversy." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (emphasis added). Once the jurisdictional facts are established, remand is appropriate only when it is "legally certain" that the plaintiff cannot recover more than $75,000. (*See id*. p. 955).

Here, the jurisdictional amount is clearly met as the Petition demonstrates that Plaintiffs are seeking more than $150,000.00 in alleged actual damages and punitive damages. (Ex. 1, ¶¶ 7, 8). (*See also*, *id*. p. 2, ("[P]laintiffs demand judgment against defendant for actual damages in excess of $75,000, and for punitive damages in excess of $75,000, and for such other relief to which they are entitled."). Thus, the statute's jurisdictional amount is clearly met.

## CONCLUSION

The United States District Court for the Western District of Oklahoma has original jurisdiction of this matter under the diversity statute and Defendant is entitled to have this action removed to federal court. Therefore, Defendant requests that the Court assume original jurisdiction of this action and proceed with it to completion.

        Respectfully submitted,

        s/RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
Tomlinson · Rust · McKinstry · Grable
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:   877/917.1559
ronw@TRMGlaw.com
jerryn@TRMGlaw.com
*Attorneys for Defendant Allstate Insurance Company*

## CERTIFICATE OF SERVICE

☑    I hereby certify that on September 21, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Brett Agee, OBA #12547
P.O. Box 10
Pauls Valley, OK 73075
Telephone: (405) 238-1000
Facsimile: (405) 238-1001
Email: brett.agee@gacmlaw.com
*Attorney for Plaintiffs*

        s/ RONALD L. WALKER